UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENDY LUGO, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FEIN, SUCH, KAHN & SHEPARD, P.C.; LVNV FUNDING, LLC; NEW CENTURY FINANCIAL SERVICES, INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, WENDY LUGO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant(s), FEIN, SUCH, KAHN & SHEPARD, P.C. ("FEIN SUCH"): LVNV FUNDING, LLC ("LVNV"); NEW CENTURY FINANCIAL SERVICES, INC ("NCFS"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.  As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.  The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.  Plaintiff is a natural person, a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.  FEIN SUCH is a law firm that maintains a location at 7 Century Drive, Suite 201, Parsippany, New Jersey 07054.

8.  LVNV maintains a location at 700 Executive Center Drive, #300, Greenville, South Carolina 29615

9.  NCFS maintains a location at 110 South Jefferson Road, Suite 104, Whippany, New Jersey 07981.

10. Upon information and belief, Defendants use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from FEIN SUCH, which included the alleged conduct and practices described herein. The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(10); and 15 U.S.C. §§ 1692g et seq.;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. At some time prior to December 27, 2017, Plaintiff allegedly incurred a financial obligation to CITIBANK (SOUTH DAKOTA), N.A. ("CITIBANK").

16. The CITIBANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the CITIBANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the CITIBANK obligation for business purposes.

19. The CITIBANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. CITIBANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. At some time prior to December 27, 2017, the CITIBANK obligation was purchased by and/or sold to NCFS.

22. On or about January 10, 2010, NCFS obtained a default judgment against Plaintiff on the CITIBANK obligation in the the Superior Court of New Jersey, Docket No.: DC-028289-09.

23. LVNV was not identified as the Plaintiff in the default judgment obtained against the Plaintiff.

24. LVNV has never entered an appearance or otherwise made a filing with the Superior Court of New Jersey regarding the CITIBANK obligation default judgment.

25. On or before December 27, 2017, the CITIBANK obligation was referred to FEIN SUCH for the purpose of collections.

26. On January 15, 2018, FEIN filed a Substitution of Attorney in the Superior Court of New Jersey, Docket No.: DC-028289-09.

27. At the time the CITIBANK obligation was referred to FEIN SUCH, the obligation was past due.

28. At the time the CITIBANK obligation was referred to FEIN SUCH, the obligation was in default.

29. Defendant caused to be delivered to Plaintiff a letter dated December 27, 2017, which was addressed to Plaintiff and sought a balance of $1,849.75. **Exhibit A,** which is fully incorporated herein by reference.

30. At the time FEIN sent the December 27, 2017 letter to Plaintiff it was not the attorney of record in the matter in the Superior Court of New Jersey, Docket No.: DC-028289-09.

31. The December 27, 2017 letter was sent to Plaintiff in connection with the collection of the CITIBANK obligation.

32. The December 27, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The December 27, 2017 letter was the first written communication made by FEIN SUCH to Plaintiff concerning the CITIBANK obligation.

34. Upon receipt, Plaintiff read the December 27, 2017 letter.

35. The December 27, 2017 letter provided the following information regarding the CITIBANK obligation:

> Re:  **Creditor: NEW CENTURY FINANCIAL SERVICES**
> Amount Due: $1,849.75
> Original Creditor: Citibank (South Dakota), N.A.
> Original Account Number: ************5863
> **Currently Owned by: LVNV FUNDING, LLC**
> Docket Number: DC-028289-09
> Our File No.: J1701940
> (emphasis added).

36. The December 27, 2017 letter stated in part that:

> **This office represents NEW CENTURY FINANCIAL SERVICES for the collection of the above judgment from the consumer.**  (emphasis added).

37. Section 1692g(a) et seq. of the FDCPA provides as follows:

(a) Notice of Debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) **the name of the creditor to whom the debt is owed**; [emphasis added].
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. The December 27, 2017 letter fails to clearly specify the name of the creditor to whom the debt is owed.

39. The December 27, 2017 letter fails to effectively convey the name of the creditor to whom the CITIBANK obligation is owed.

40. The December 27, 2017 letter fails to properly provide the notice required by 15 U.S.C. § 1692g(a)(2).

41. The December 27, 2017 letter overshadows and/or contradicts the requirement provided by 15 U.S.C. § 1692g(a)(2).

42. The December 27, 2017 letter would cause one to be confused about the name of the creditor to whom the debt is owed.

43. Defendants knew or should have known that its actions violated the FDCPA.

44. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

45. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Failing to provide the full and correct required notices under the FDPCA;

   (b) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (c) Providing required notices under the FDCPA in a confusing manner; and

   (d) Overshadowing and/or contradicting required notices under the FDPCA.

46. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

47. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

48. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

49. Defendant's collection letters and/or notices would cause the least sophisticated consumer to be confused about the name of the creditor to whom the debt is owed.

50. Defendant's letters were designed to cause the least sophisticated consumer to be confused about the name of the creditor to whom the debt is owed.

51. The content of Defendant's letter was designed to cause the least sophisticated consumer to be confused about the name of the creditor to whom the debt is owed.

52. Defendant violated 15 U.S.C. §§ 1692g(a), and 1692g(a)(2) of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

53. Defendant violated 15 U.S.C. § 1692g(a) and 1692g(a)(2) of the FDCPA by failing to properly and effectively provide the name of the creditor to whom the debt is owed as required by 15 U.S.C. § 1692g(a)(2).

54. Defendant violated 15 U.S.C. § 1692g(a) and 1692g(a)(2) of the FDCPA by providing the name of the creditor in a contradicting or overshadowing manner.

55. Defendant violated 15 U.S.C. § 1692g(a)(2) of the FDCPA by failing to properly and effectively provide the name of the creditor to whom the debt is owed.

56. Defendant violated 15 U.S.C. § 1692g(a)(2) of the FDCPA by providing the name of the creditor in a contradicting or overshadowing manner.

57. Defendant's statement that "This office represents NEW CENTURY FINANCIAL SERVICES for the collection of the above judgment from the consumer" contradicts Defendant's assertion that the CITIBANK obligation is currently owned by LVNV.

58. Defendant's statement that "This office represents NEW CENTURY FINANCIAL SERVICES for the collection of the above judgment from the consumer" while also asserting that the CITIBANK obligation is currently owned by LVNV contradicts and/or overshadows the notice required by 15 U.S.C. § 1692g(a)(2).

59. Debt collectors are required to not only convey the required information, but to do so effectively.

60. Defendant violated 15 U.S.C. § 1692g(a)(3), by failing to effectively provide the information to the least sophisticated consumer, which would allow her dispute the debt.

61. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

62. Defendant used a false, deceptive or misleading representation regarding the name of the creditor to whom the debt is owed in connection with its attempts to collect debts from Plaintiff and others similarly situated.

63. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

64. By failing to properly and effectively convey the name of the creditor to whom the debt is owed as described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

65. Defendant LVNV is liable for any violations of the FDCPA that FEIN SUCH committed.

66. Defendant LVNV acted in concert with and/or approved the actions of FEIN SUCH described herein.

67. Defendant NCFS is liable for any violations of the FDCPA that FEIN SUCH committed.

68. Defendant NCFS acted in concert with and/or approved the actions of FEIN SUCH described herein.

69. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

71. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

72. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

73. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

74. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

    (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 25, 2018

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq. (JJ5509)
            JONES, WOLF & KAPASI, LLC
            375 Passaic Avenue, Suite 100
            Fairfield, New Jersey 07004
            (973) 227-5900 telephone
            (973) 244-0019 facsimile
            jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 25, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

ALAN F. SUCH
HENRY H. FEIN
PHILIP A. KAHN
JAMES E. SHEPARD
GREGG P. TABAKIN
ERIC S. KAPNICK
VINCENT DiMAIOLO, JR.
MARIO A. SERRA, JR.
STEVEN A. LOEB
PETER R. DAY (1957-1990)

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
COUNSELLORS AT LAW
7 CENTURY DRIVE, SUITE 201
PARSIPPANY, NEW JERSEY 07054
Toll Free: (866) 837-8600

FACSIMILE (973) 644-3287

*Of Counsel*
PHILIP I. LEVITAN (ext. 329)
HARRY FRIELAND (ext. 3394)
------------
BRIAN P.S. MCCABE (ext. 183)
RICHARD T. ZIMMERMAN (ext. 235)
DAVID J. LEVINE (ext. 126)
ALVIN L. DARBY (ext. 212)
SYLVIA GOLDBLATT (ext. 293)

December 27, 2017

Wendy Lugo

Re: Creditor: NEW CENTURY FINANCIAL SERVICES
Amount Due: $1,849.75
Original Creditor: Citibank (South Dakota), N.A.
Original Account Number: ************5863
Currently Owned by: LVNV FUNDING, LLC
Docket Number: DC-028289-09
Our File No.:

Sir/Madam:

This office represents NEW CENTURY FINANCIAL SERVICES for the collection of the above judgment from the consumer.

The consumer's contact with this office is John G at the number listed above, Ext. 253 between the hours of 8:30AM and 5:30PM., Monday through Friday.

**CONSUMER NOTICE PURSUANT TO FEDERAL STATUTE**

Unless the consumer notifies the debt collector within 30 days after receipt of this notice that the consumer disputes the validity of this debt, or any portion thereof, this debt will be assumed to be valid by the debt collector.

If the consumer notifies the debt collector in writing within the 30 day period that this debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

Upon the consumer's written request within the 30 day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Very truly yours,

FEIN, SUCH, KAHN & SHEPARD, P.C.

David J. Levine, Esq